UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| ANTHONY D. COLLINS,<br>a/k/a/ ANTHONY DION COLLINS,[1]<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEVADA,<br><br>Respondent. | Civil Action No. 6:15-CV-55-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Anthony D. Collins, a/k/a/Anthony Dion Collins, is a federal inmate in the custody of the BOP, and is currently confined at the United States Penitentiary ("USP")-Beaumont, located in Beaumont, Texas.[2] Collins has filed a *pro se* petition for a writ of a petition for a writ of error *coram nobis* [R. 1] pursuant to 28 U. S. C. § 1651, challenging his 1996 state court drug conviction in Nevada.

Collins's petition for writ of error *coram nobis* petition is in the nature of a petition for writ of habeas corpus under 28 U.S.C. § 2241, and the Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Collins's error *coram nobis* petition under a more lenient standard because he is not represented by an attorney.

---

[1] The Bureau of Prisons ("BOP") identifies Collins, BOP Register No. 30693-048, as "Antony Dion Collins." *See* https://bop.gove/inmateloc/ (last visited on April 18, 2016). The Clerk of the Court will be instructed to list, on the CM/ECF cover sheet, "Anthony Dion Collins" as an alias designation for Collins.

[2] When Collins filed this proceeding in March 2015, he was confined in the USP-McCreary, located in Pine Knot, Kentucky.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Collins's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, however, the Court must deny it because Collins has not set forth grounds entitling him to the error *coram nobis* relief which he requests.

## BACKGROUND
### 1. Collins's State and Federal Convictions

On December 8, 1992, criminal charges were filed against Collins in the District Court of Clark County, Nevada, in the case styled as: "The State of Nevada vs Anthony D. Collins," Case No. 92-CI-109813-1 ("the State Court Case"). [R. 1-1, p. 14] Collins was apparently charged with "Unlawful for Any Person to Import, Transport, Manufacture, Compound, Sell." [R. 1-1, p. 14] On October 24, 1994, an "Amended Information" was filed in the State Court Case, alleging that:

> …**ANTHONY DION COLLINS**…committed the crime of **SALE OF CONTROLLED SUBSTANCE (Felony, NRS 453.321)** on or about the 1st day of October 1, 1993, at and within the County of Clark, State of Nevada….

[*Id.*, p. 4]

Activity in the State Court Case ensued over the next two years, culminating in the entry of the "Judgment of Conviction (Plea)" on January 10, 1996, which stated:

> **WHEREAS**, on the 10th day of December, 1993, the defendant **ANTHNY [sic] DION COLLINS** appeared before the Court herein with his counsel and entered a plea of guilty to the crime of **SALE OF CONTROLLED SUBSTANCE** (Felony) committed on the 1st day of October, 1993, in violation of NRW 453.321 and
>
> **WHEREAS**, thereafter on the 3rd day of January 1996, the Defendant being present in court with his counsel…; the above entitled Court did adjudge the Defendant guilty thereof by reason of his plea of guilty…and… sentenced Defendant to SIX (6) years in the Nevada State prison and a $50,000.00 Fine. Credit for time served 173 days.

[*Id.*, p. 1]

On August 30, 1995, (while the State Court Case was pending), Collins was charged in federal court in Las Vegas, Nevada, with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). *United States v. Anthony Dion Collins*, No. 2:95-CR-216-LDG-RJJ-1 (D. Nev. 1995)[3] ("the Federal Case"). The jury convicted Collins of the § 841(a)(1) drug offense, and on October 23, 1996, the district court sentenced Collins to a mandatory term of life imprisonment. Collins appealed, but his conviction was affirmed. *United States v. Collins*, 125 F.3d 859 (9th Cir. 1997).[4]

Fast-forwarding almost eighteen (18) years, Collins filed a petition for writ of *coram nobis* in the State Court Case on September 2, 2014, alleging that that Nevada and federal authorities violated his rights under the Interstate Agreement on Detainers Act. Collins argued that his transfer between Nevada and federal custody was improper, and that he did not receive a proper pre-transfer hearing. Collins also argued that he was innocent because the judgment in the State Court Case improperly stated he committed the underlying drug offense in 1993, instead of 1992. *See* R. 1-1, p. 11 (summarizing history of Collins's petition for writ of error *coram nobis* filed in the State Court Case).

---

[3] Collins's federal criminal proceeding preceded the advent of the Public Access to Court Electronic Records ("PACER"), the federal judiciary's online database. The docket sheet of the Federal Case, which is accessible via PACER, identifies August 30, 1995 as the start date of the proceeding, and identifies December 31, 2001, as the date on which the case from continued from paper to electronic docketing. The electronically accessible docket entries of the Federal Case do not begin until January 30, 2008, on which date Collins filed a motion seeking a sentence reduction under 18 U.S.C. § 3582, based on the retroactivity of the federal sentencing guidelines. The information which this Court has obtained about the Federal Case is derived primarily from the opinion rendered by the Sixth Circuit Court of Appeals when it affirmed the Collins's criminal conviction, *see United States v. Anthony Dion Collins*, 125 F.23d 759, 1997 WL 599863 (6th Cir. Sept. 24, 1997), and from a decision rendered in another 28 U.S.C. § 2241 habeas corpus proceeding which Collins filed in 2014. *See Anthony D. Collins v. Warden Ebbert*, No. 3:CV-14-1394, 2014 WL 3955155 (M.D. Pa. Aug. 13, 2014)

[4] The docket sheet in the Federal Case reveals that Collins filed several motions seeking a sentence reduction under 18 U.S.C. § 3582(c)(2), *see* R. 136-37; R. 140-41, therein, and a motion to amend or correct his sentence pursuant, *see id.*, R. 139, therein, which was denied on June 3, 2015 [R. 145, therein]

3

On September 24, 2014, the District Court of Clark County, Nevada, conducted a hearing on Collins's petition for writ of error *coram nobis*, but on November 12, 2014, that court entered an order denying Collins's petition. [*Id.*, p. 7-9][5] Collins appealed, and on January 6, 2015, the proceeding was transferred to the Court of Appeals for the State of Nevada for disposition. [*Id.*, p. 10] On February 24, 2015, the Court of Appeals for the State of Nevada entered an Order affirming the lower court's order denying Collins's petition for writ of error *coram nobis*. [*Id.*, pp. 11-12] The Court of Appeals for the State of Nevada stated as follows:

> Appellant [Collins]'s claims were not properly raised in a petition for a writ of coram nobis because they were claims arising from alleged factual errors that are on the record, the claims could have been raised earlier, or they involved legal and not factual errors. *See Trujillo v. State*, 129 Nev.__, __, 310 P.3d 594, 601-02 (2013). Moreover, appellant has previously litigated a petition for a writ of coram nobis, Collins v. State, Docket No. 39841 (Order of Affirmance, May 8, 2003), and appellant failed to demonstrate that he could not have raised his current claims in that petition or in a timely filed post-conviction petition for a writ of habeas corpus. *See Trujillo*, 129 Nev. At _, 310 P.3d at 601-02 (explaining that it is the petitioner's burden to demonstrate that he could not have reasonably raised his claims at an earlier time). Therefore, the district court did not err in denying the petition.

[*Id.*, pp. 11-12]

### 2. Claims Asserted in Current Error of *Coram Nobis* Petition

In the instant proceeding, Collins continues to collaterally challenge his January 10, 1996, criminal judgment rendered in the State Court Case. Collins again alleges that his conviction in the State Court Case is substantively defective because it incorrectly states that he sold a controlled substance on October 1, 1993, and that he committed no crime, of any kind, on October 1, 1993. Collins further alleges that at the time of his state court

---

[5] The order denying Collins's state court error *coram nobis* petition stated that Collins was not present "**IN PRO PER PERSON**," [sic] but that Collins was represented by (Nevada) District Attorney, through a Deputy District Attorney. [*Id.*, p. 7] The order further stated that the court "...**ADOPTED** the Procedural History as set forth by the State **FINDING** it is an accurate recitation of the events in this case, stated its **FINDINGS**, and **ORDERED**, Motion **DENIED**." [*Id.*, p. 8]

4

conviction, he relied on his defense counsel, whom he identified as John Moffet, but that Moffet "…said nothing about the crime alleged to have been committed on October 1, 1993, nor did the State of Nevada." [R. 1, p. 2] Collins alleges that he is "…actually and factually innocent of the conviction of January 12, 1996 alleged to have occurred on October 1, 1993, nor can the State of Nevada refute this claim." [*Id.*, at p. 3] At the conclusion of his error *coram nobis* petition, Collins seeks the following relief:

> Wherefore…Petitioner requests this Court Grant this Corum [sic] Nobis and vacate the conviction against him in Clark County NV. District Court Case No. 92-C109813 under actual innocence.

[*Id.*, at p. 4]

Collins further contends that *McQuiggin v. Perkins*, ___U.S.___, 133 S.Ct. 1924 (2013) permits him to seek an "actual innocence" through the mechanism of a petition for writ of *coram nobis*. *See id.*, pp. 2. In *McQuiggin*, the Supreme Court held that if the petitioner makes a "convincing showing of actual innocence"—meaning evidence indicating that the petitioner did not actually commit the crime for which he was convicted—then he may overcome a procedural bar to consideration of his constitutional claim on the merits if the evidence establishes that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *McQuiggin*, 133 S.Ct. at 1931–33, 35–36. Thus, where a defendant can produce sufficient evidence to demonstrate actual innocence, *McQuiggin* permits him to overcome a procedural bar to habeas relief. Collins asserts that the ineffective assistance which he received from his state court trial counsel renders him actually innocent of the drug offense that resulted in his January 10, 1996, criminal judgment in the Nevada state court.

## DISCUSSION

This Court was not court in which Collins was convicted of Sale of a Controlled Substance on January 10, 1996, and this Court did not pronounce the judgment which Collins challenges in this proceeding. Thus, Collins is not entitled to pursue a writ of error *coram nobis*, because this Court lacks the power to issue such a writ.

"The writ of error *coram nobis* is used to vacate a federal sentence or conviction when a [28 U.S.C.]§ 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). "Because of the similarities between *coram nobis* proceedings and § 2255 proceedings, the § 2255 procedure is often applied by analogy in *coram nobis* cases." *Id*. at 235. The writ of error *coram nobis* is an extraordinary writ that allows a person who is no longer "in custody" and thus, is barred from bringing a 28 U.S.C. § 2255 petition, to collaterally attack his conviction. *United States v. Morgan*, 346 U.S. 502, 510-11 (1954). The writ is only available where "petitioner demonstrates a factual error that was unknown at the time of trial and that is "of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (quotations and citations omitted).

"*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character--*e.g.*, errors rendering the proceedings themselves invalid." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). The Sixth Circuit has recognized that *coram nobis* proceedings are substantially similar to § 2255 proceedings. *Id*. at 754. In order to prevail on a claim for a *coram nobis* writ, the petitioner must demonstrate (1) an

6

error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Johnson*, 237 F.3d at 755. When considering a petition for *coram nobis*, "[i]t is presumed the proceedings were correct and the burden rests on the accused to show otherwise." *Morgan*, 346 U.S. at 512.

In the instant proceeding, however, Collins collaterally challenges and seeks relief from only his January 10, 1996, conviction imposed in the State Court Case; Collins does **not** collaterally challenge his life sentence imposed in the Federal Case. To the extent that Collins collaterally challenges his Nevada state court conviction under the mechanism of an error *coram nobis* petition, he cannot proceed because the "extraordinary remedy" of *coram nobis* is available only in the court which rendered the judgment under attack; it is <u>not</u> available in federal courts as a means of attacking a state conviction. *Fegley v. McClain*, 802 F.2d 457 (6th Cir. 1986); *United States v. Watkins-El*, 37 F. App'x 716, 717 (6th Cir. 2002) (affirming the denial of *coram nobis* petition and holding that "the district court properly noted that the writ could not be used to attack [defendant's] ... state conviction."); *see also Meyers v. Ohio*, No. 1:14-CV-1694, 2015 WL 871545, at *1 (N.D. Ohio Feb. 27, 2015) (Magistrate Judge's Report and Recommendation ("R & R") that Meyers's petition for writ of error *coram nobis* challenging his state court sentence be denied); *Meyers v. Ohio*, No. 1:14-CV-1694, 2015 WL 1954546, at *4 (N.D. Ohio Apr. 29, 2015) (adopting R & R and denying Meyers's petition for writ of error *coram nobis* challenging his state court conviction).

Another district court in this circuit addressed this same situation, and, consistent with the above decisions, denied the prisoner's petition for writ of error *coram nobis*

7

challenging his Michigan state court conviction. In *Wade v. Rapelje*, No. 12-12790, 2012 WL 3776482, at *3 (E.D. Mich. Aug. 24, 2012), Wade filed a petition for a writ of error *coram nobis* in federal court, challenging his life (and two years') state court sentence for murder and a felony firearm offense, which the state court in Macomb County, Michigan, imposed after the jury convicted Wade of the offenses. The district court denied Wade's petition of error *coram nobis*, explaining:

> The petitioner's convictions did not occur in this Court. The writ is available to correct an error of fact in the same court that rendered the judgment and is not available in federal court for errors of law. *Johnson*, 237 F.3d at 753; *see also Campbell v. Breck*, 113 F.3d 1234, 1997 WL 211251, at *1 (6th Cir.1997) (table) ("A petition for a writ of error *coram nobis* must be presented to the court that pronounced the judgment, and it is not available in federal courts for errors of law.").

*Wade*, at *3.

Based on these cases, Collins is **not** entitled to relief in the form of a writ of error *coram nobis*, because this Court did not enter the judgment which Collins is challenging in this proceeding (*i.e.*, his January 10, 1996, criminal judgment rendered in the State Court Case). Thus, the remedy Collins seeks in this proceeding is not available to him.

If Collins had wished to assert a federal challenge to his January 10, 1996, criminal judgment rendered in the State Court Case, he could have, and should have, done so by filing a petition for writ of habeas corpus in the federal court in Nevada under 28 U.S.C. § 2254, pursuant to which a federal court may "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added)." A collateral attack by a prisoner on a final judgment of conviction rendered in a state court must be based on 28 U.S.C. § 2254. *See*

*Felker v. Turpin*, 518 U.S. 651, 662 (1996); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

Collins does not allege that he filed a § 2254 habeas petition in federal court in Nevada challenging his January 10, 1996, state court criminal judgment, and a search of the PACER database does not reveal that Collins filed a § 2254 habeas petition in the Nevada district court. At this juncture, more than twenty-years after the fact, any habeas petition that Collins might file under § 2254 in the Nevada federal court, challenging his January 12, 1996, state court criminal judgment, would almost certainly fail because: (1) it would be time-barred under 28 U.S.C. § 2244(d)(1), and (2) the federal court in Nevada would lack subject matter over such a § 2254 petition, because Collins is no longer "in custody" pursuant to his January 10, 1996, state court conviction. *See Maleng v. Cook*, 490 U.S. 490-92 (1989).[6] Collins is now in federal custody.

Further, even if Collins's situation qualified for a writ of error *coram nobis* (which it does not) *McQuiggin* likewise would not afford Collins any relief. In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway" through which a

---

[6] In *Maleng*, the Supreme Court specifically considered "whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction was later used to enhance the sentence imposed for a subsequent conviction. *Maleng*, 490 U.S. at 493. The Court held unequivocally that a petitioner in this situation is not "in custody" pursuant to the earlier conviction. Instead, "[w]hen the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id*. A few years later, in *Daniels v. United States*, 532 U.S. 374, 382 (2001), the Court held that a federal prisoner generally cannot attack a prior state conviction used to enhance his federal sentence through filing a § 2255 motion, unless that conviction has already been set aside on direct or collateral review. The Court further noted that when a federal prisoner's prior state conviction has been used to enhance his federal sentence under the Armed Career Criminal Act, the petitioner's only recourse is to pursue whatever post-conviction or other channels might still be available for challenging the state sentence. If no such channels remain open, "because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," the petitioner is simply out of luck. *Id*.

Such would likely be the situation here **if** Collins is challenging his life sentence (imposed in the Federal Case) under 28 U.S.C. § 2241, on the grounds that his January 10, 1996, Nevada state court conviction qualified as a predicate offense to find that he was a career offender when his life sentence was imposed. Broadly assuming that Collins is making this argument, he cannot proceed because of *Maleng*: this Court would lack jurisdiction over Collins's construed § 2241 petition, because his state sentence, imposed on January 12, 1996, has expired, and Collins was not "in custody" pursuant to that conviction when he filed his construed § 2241 petition on March 30, 2015. Collins would be out of luck because his construed § 2241 petition would be subject to dismissal for lack of subject-matter jurisdiction. *See Saulter v. Tennessee*, No. 3:13-CV-1415, 2014 WL 1665069, at *3 (M. D. Tenn. Apr. 25, 2014)

9

petitioner may obtain review of constitutional claims even after expiration of the statute of limitations. 133 S.Ct. at 1928. In other words, a "convincing actual-innocence claim" can constitute an exception to the state of limitations if a miscarriage of justice would otherwise result. *Id*. at 1931–33. The Supreme Court specifically "underscore [d]" the fact that "[t]he miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence show 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id*. at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

No miscarriage of justice occurred with respect to Collins's January 10, 1996, criminal judgment imposed in the State Court Case. Collins re-asserts the same claim in this proceeding which he recently but unsuccessfully asserted in the State Court Case, *i.e.*, that his January 10, 1996, criminal judgment in the State Court Case identified the wrong date (October 1, 1993) of the underlying drug offense, and that allegedly incorrect date rendered him actually innocent of the drug offense. But as previously discussed, on February 24, 2015, the Court of Appeals for the State of Nevada addressed and rejected this very same claim in Collins's state court petition for writ of error *coram nobis*, explaining therein that Collins could not obtain *coram nobis* relief because the claim that he was asserting (a belated challenge to the fact that the state court criminal judgment identified "October 1, 1993," as the date of the underlying drug offense) was one that Collins could and should have asserted--but failed to assert--earlier in the State Court Case. Further, the "Amended Information" filed in the State Court Case on October 24, 1994, *specifically* alleged that "on or about October 1, 1993," Collins committed the crime of "Sale of Controlled Substance (Felony NRS 453.321)" in Clark County, Nevada. [R. 1, p. 4] Thus,

the Nevada state court record contains sufficient evidence which supports the "October 1, 1993," date set forth in the Nevada criminal judgment entered on January 10, 1996.

Given these facts, this Court ascertains no miscarriage of justice, and thus, no basis on which *McQuiggin* would or could afford Collins any collateral relief from his January 10, 1996, state court conviction.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall **LIST**, on the CM/ECF cover sheet, "Antony Dion Collins" as an alias designation for Petitioner Anthony D. Collins.

2. Collins's 28 U. S. C. § 1651 petition for a writ of error *coram nobis* [R. 1] is **DENIED**, and the Court will enter an appropriate Judgment.

3. This matter is **STRICKEN** from the docket.

This April 18, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY